# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Covington Division**

| | | |
|---|---|---|
| Joan Johnson | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Asset Acceptance, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W. Main Street | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| LVNV Funding, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Co. | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
| Resurgent Capital Services, LP | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CSC-Lawyers Incorporating | ) | |
|         Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Financial Recovery Services Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W Main St. | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |

| | |
|---|---|
| Midland Funding, LLC | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     CSC-Lawyers Incorporating | ) |
|         Service Company | ) |
|     421 West Main Street | ) |
|     Frankfort, KY 40601 | ) |
| | ) |
| Choice Recovery, Inc. | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Chad Silverstein | ) |
|     1550 Old Henderson Rd. | ) |
|     Suite 100 | ) |
|     Columbus, OH 43220 | ) |
| | ) |

# **COMPLAINT and DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Plaintiff Joan Johnson is the victim of identity theft and false information on her credit report. She was denied the chance of buying home because of false and inaccurate information on her credit report. After years of suffering, she is now fighting back. Defendant debt collectors in this action are all reporting false negative information about Ms. Johnson to one or more consumer reporting agencies. Attempting to collect debts from Ms. Johnson that she does not owe and reporting false information concerning Ms. Johnson to consumer reporting agencies violates the FDCPA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Declaratory relief is available pursuant to 28 U.S.C. § 2201.

## PARTIES

4. Plaintiff Joan Johnson is a natural person who resides in Grant County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.   Defendant Asset Acceptance, LLC ("Asset") is a foreign limited partnership, with its principal place of business located at 28405 Van Dyke Ave., Warren, MI 48093. Asset has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth.

6.   Asset is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

7.   Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. LVNV's principal place of business is Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

8.   LVNV regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

9.   Defendant Resurgent Capital Services, LP ("Resurgent") is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is 15 S. Main St., #400, Greenville SC, 29601.

10.   Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

11.   Defendant Financial Recovery Services Inc. ("Financial Recovery") is a foreign corporation, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as Resurgent and LVNV. Financial Recovery's principal place of business is 4900 Viking Dr., Minneapolis, MN 55435.

12.   Financial Recovery is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

13.   Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

14.   Midland is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

15.   Defendant Choice Recovery, Inc. is a foreign corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of others. Choice Recovery's principal place of business is located in Columbus, OH.

16. Choice Recovery is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I. Facts Relating to Asset

17. On October 26, 2012, Asset filed suit against Ms. Johnson in Grant District Court, 12-C-974.

18. Asset's Complaint was an attempt to collect a debt on a charged-off account originated by the Chase Bank USA NA/WAMU.

19. The Complaint alleges in pertinent part:

> Defendant(s) has failed to pay the Plaintiff the remaining balance of its account in the sum of $1,221.06, together with interest at the annual rate of 8% from November 3, 2008, until the date of judgment . . . .

20. A Chase credit card account appears as a negative item on Ms. Johnson's credit report.

21. The negative Chase item states that the credit card account was opened on October 1, 2007, went into delinquency in January 2009, and was charged off in the amount of $1,221.00.

22. Ms. Johnson did not open a Chase credit card in October 2007.

23. Ms. Johnson did not incur and does not owe the debt at issue in Asset's state court complaint.

24. Upon information and belief, the person who illegally opened the Chase credit card in Ms. Johnson's name used the credit card to purchase goods and services for personal and/or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

25. Asset's complaint alleges that Ms. Johnson owes Asset 8% prejudgment interest for a time *before* Asset purchased the debt or had any interest in the debt.

26. Asset's complaint alleges that Ms. Johnson owes Asset 8% prejudgment interest during a time before the underlying credit card account went into default

27. Upon information and belief, Chase did not charge any interest on the credit card account between the date of charge off and the date of sale to Asset.

28. Because it had a statutory right to charge interest on the account, Chase did not have a statutory right to charge prejudgment interest on the debt.

29. Asset is reporting false negative information concerning Ms. Johnson to consumer reporting agencies.

30. Asset is reporting negative information concerning Ms. Johnson to consumer reporting agencies in an attempt to collect a debt from her.

31. Asset's negative info notes that that Asset opened its account on Ms. Johnson on April 1, 2012 and the current balance due on the debt as of September 4, 2013 was $1,357.00.

## II. The Relationship between LVNV and Resurgent

32. Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. *See* Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz. filed Aug. 9, 2010).

33. Resurgent services LVNV's debt collection "pursuant to a written agreement and power of attorney." *Id.*

## III. Facts Relating to LVNV, Resurgent, and Financial Recovery

34. LVNV is reporting false negative information concerning Ms. Johnson to consumer reporting agencies.

35. LVNV is reporting negative information concerning Ms. Johnson to consumer reporting agencies in an attempt to collect a debt from her.

36. LVNV's negative info notes the LVNV opened its account on Ms. Johnson on May 1, 2009 and that the current balance due on the debt as of September 4, 2013 was $1,430.00.

37. On June 5, 2010, J.C. Christensen and Associates, Inc. sent Ms. Johnson a dunning letter that attempted to collect a debt from Ms. Johnson on behalf of Resurgent and LVNV.

38. Christensen's June 5th letter identified Credit One Bank as the original creditor, LVNV as the current creditor, Resurgent as the client, and $1,099.95 as the total amount due.

39. A Credit One Bank credit card account appears as a negative item on Ms. Johnson's credit report.

40. The Credit One Bank negative item notes that the account was opened on March 1, 2008, went into default in November 2009, and had a limit of $500.00.

41. Ms. Johnson believes that she applied for and received a Credit One Bank credit card.

42. Ms. Johnson used the Credit One Bank credit card to purchase goods and services for personal and/or household purposes, which makes the Credit One Bank credit card debt a "debt" within the meaning of the FDCPA.

43. On November 22, 2010, Richard J. Boudreau & Associates, LLC sent Ms. Johnson a dunning letter on behalf of LVNV.

44. Boudreau's November 22nd letter identified Credit One Bank as the original creditor, LVNV as the current creditor, and $1,047.27 as the current amount due.

45. On June 18, 2012, Protocol Recovery Services, Inc. sent Ms. Johnson a dunning letter on behalf of LVNV.

46. Protocol's June 18th letter identified Credit One Bank as the original creditor, LVNV as the current creditor, and $1,224.35 as the current amount due.

47. On March 15, 2013, Financial Recovery sent Ms. Johnson a dunning letter on behalf of LVNV and Resurgent.

48. Financial Recovery's March 15th letter identified Credit One Bank as the original creditor, LVNV as the current creditor, Resurgent as the client, and $1,356.80 as the total amount due. (A copy of Financial Recovery's March 15th letter is attached as Exhibit "B").

49. Financial Recovery's March 15th letter further states that October 7, 2008 was the date of last payment on the Credit One Bank credit card account and that Credit One Bank charged off the credit card account on April 19, 2009.

50. Financial Recovery's March 15th letter breaks the current balance down as follows:

        Principal Balance:    $928.39
        Interest Balance:     $428.03

51. Upon information and belief, Credit One Bank did not charge any interest on the credit card account between the date of charge off and the date of sale to LVNV.

52. Because it had a statutory right to charge interest on the account, Credit One Bank did not have a statutory right to charge prejudgment interest on the debt.

53. There are 1,414 days between the day that LVNV purchased and opened its account on Ms. Johnson on May 1, 2009 and Financial Recovery's dunning letter on March 15, 2013.

54. So LVNV accrued interest on Ms. Johnson's account at the rate of $0.327 per day ($428.03/1,414).

55. This means that LVNV accrued $110.49 annually on Ms. Johnson's debt ($0.327*365), which works out to the usurious rate of 11.90% per annum ($110.49/$928.39).

56. LVNV, Resurgent, and Financial Recovery all accrued and attempted to collect usurious interest from Ms. Johnson to which they had neither a contractual nor statutory right to recover.

## IV. Facts Relating to Midland Funding, LLC

57. Midland is reporting false negative information concerning Ms. Johnson to consumer reporting agencies.

58. Midland is reporting negative information concerning Ms. Johnson to consumer reporting agencies in an attempt to collect a debt from her.

59. Midland's negative info notes the Midland opened its account on Ms. Johnson on January 1, 2011 and that the current balance due on the debt as of September 4, 2013 was $936.00.

60. On March 28, 2013, Morgan & Pottinger, P.S.C. sent Ms. Johnson a dunning letter on behalf of Midland. (A copy of the March 28th dunning letter is attached as Exhibit "C").

61. Morgan & Pottinger's March 28th dunning letter identified Chase Bank USA, N.A. (Heritage First, USA) as the original creditor, Midland as the current creditor, and $1,044.35 as the current balance due.

62. A Chase-Heritage Bank credit card account appears as a negative item on Ms. Johnson's credit report.

63. Ms. Johnson acknowledges that this credit card account was hers.

64. Ms. Johnson used her Chase-Heritage Bank credit card account for personal and/or household purposes making it a "debt" within the meaning of the FDCPA.

65. Ms. Johnson paid Chase-Heritage Bank credit card account off in full.

66. Rather than closing her Chase-Heritage Bank credit card account, Chase somehow confused the credit card account that someone illegally opened in Ms. Johnson's name.

67. Upon information and belief, Chase misapplied funds that Ms. Johnson remitted on her Chase-Heritage Bank credit card account to the Chase credit card account that someone illegally opened in her name.

68. Upon information and belief, Chase-Heritage Bank did not charge any interest on the Ms. Johnson's credit card account between the date of charge off and the date of sale to Midland.

69. Because it had a statutory right to charge interest on the account, Chase-Heritage Bank did not have a statutory right to charge prejudgment interest on the debt.

70. According to Morgan & Pottinger's dunning letter, Midland added $249.35 interest on Ms. Johnson's account ($1,044.35 (amount demanded in M&P's letter) minus $795.00 (Chase charge-off amount)).

71. There are 818 days between the day that Midland purchased and opened its account on Ms. Johnson on January 1, 2011 and Morgan & Pottinger's dunning letter on March 28, 2013.

72. So Midland accrued interest on Ms. Johnson's account at the rate of $0.3048 per day ($249.35/818).

73. This means that Midland accrued $111.26 annually on Ms. Johnson's debt ($0.3048 *365), which works out to the usurious rate of 14.00% per annum ($111.26/$795.00).

## V. Facts Relating to Choice Recovery

74. Choice Recovery is reporting false negative information concerning Ms. Johnson to consumer reporting agencies concerning two alleged debts.

75. Choice Recovery is reporting negative information concerning Ms. Johnson to consumer reporting agencies in an attempt to collect a debt from her.

76. Choice Recovery is reporting a debt for an account opened on October 1, 2010 with a balance due of $36.00,

77. Choice Recovery is reporting another debt for an account opened on November 1, 2009 with a balance due of $174.00.

78. Choice Recovery is falsely reporting that Ms. Johnson is liable on these debts as a co-applicant.

79. Upon information and belief, both debts that Choice Recovery are reporting to consumer reporting agencies concerning Ms. Johnson are medical debts incurred by her husband, which make the debts "debts" within the meaning on the FDCPA.

80. Upon information and belief, both debts that Choice Recovery are reporting to consumer reporting agencies concerning Ms. Johnson were paid in full.

## CLAIMS FOR RELIEF:
### Violation of the Fair Debt Collection Practices Act

### I. Claims against Asset Acceptance, LLC

81. The foregoing acts and omissions of Asset Acceptance, LLC constitute violations of the FDCPA, including, but not limited to:

  **a.** Violation of 15 U.S.C. §1692e(2)(A): Asset falsely represented that Ms. Johnson owes Asset any debt;

  **b.** Violation of 15 U.S.C. §1692e(5): Asset threatened "to take any action that . . . is not intended to be taken" by filing suit against Ms. Johnson that she does not owe and attempting to collect a debt from her that she does not and does not owe;

  **c.** Violation of 15 U.S.C. § 1692e(8): Asset reported credit information to consumer reporting agencies that Asset knew or should have known was false, including reporting that Ms. Johnson owed a debt that she did not in fact owe and by including accrued interest on a debt that it had neither a contractual nor statutory right to collect;

  **d.** Violation of 15 U.S.C. §1692e(10): Asset falsely and deceptively represented that Ms. Johnson owed a debt that she did not and does not owe; and

  **e.** Violation of 15 U.S.C. §1692f(1): Asset accrued interest on Ms. Johnson's alleged debt to which it had neither a contractual nor a statutory right to collect.

**II.** **Claims against LVNV Funding, LLC**

82. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to:

  **a.** Violation of 15 U.S.C. §1692e(2)(A): LVNV falsely represented that Ms. Johnson owes LVNV interest on the charged-off Credit One Bank credit card debt;

  **b.** Violation of 15 U.S.C. §1692e(5): LVNV threatened "to take any action that . . . is not intended to be taken" by attempting to collect usurious interest from Ms. Johnson that she does not owe;

  **c.** Violation of 15 U.S.C. § 1692e(8): LVNV reported credit information to consumer reporting agencies that LVNV knew or should have known was false, including reporting by reporting accrued interest on a debt that it had neither a contractual nor statutory right to collect;

  **d.** Violation of 15 U.S.C. §1692e(10): LVNV falsely and deceptively represented that Ms. Johnson owes LVNV interest on the charged-off Credit One Bank credit card debt; and

  **e.** Violation of 15 U.S.C. §1692f(1): LVNV accrued interest on Ms. Johnson's alleged debt to which it had neither a contractual nor a statutory right to collect.

**III.   Claims against Resurgent Capital Services, LP**

83.   The foregoing acts and omissions of Resurgent Capital Services, LP constitute violations of the FDCPA, including, but not limited to:

      **a.**   Violation of 15 U.S.C. §1692e(2)(A): Resurgent falsely represented that Ms. Johnson owes LVNV interest on the charged-off Credit One Bank credit card debt that LVNV had no legal right to accrue or collect;

      **b.**   Violation of 15 U.S.C. §1692e(5): Resurgent threatened "to take any action that . . . is not intended to be taken" by attempting to collect usurious interest from Ms. Johnson that she does not owe;

      **c.**   Violation of 15 U.S.C. §1692e(10): Resurgent falsely and deceptively represented that Ms. Johnson owes LVNV interest on the charged-off Credit One Bank credit card debt; and

      **d.**   Violation of 15 U.S.C. §1692f(1): Resurgent accrued interest on Ms. Johnson's alleged debt to LVNV which it had neither a contractual nor a statutory right to collect.

**IV.   Claims against Financial Recovery Services, Inc.**

84.   The foregoing acts and omissions of Financial Recovery Services, Inc. constitute violations of the FDCPA, including, but not limited to:

      **a.**   Violation of 15 U.S.C. §1692e(2)(A): Financial Recovery falsely represented that Ms. Johnson owes LVNV interest on the charged-off Credit One Bank credit card debt that LVNV had no legal right to accrue or collect;

      **b.**   Violation of 15 U.S.C. §1692e(5): Financial Recovery threatened "to take any action that . . . is not intended to be taken" by attempting to collect usurious interest from Ms. Johnson that she does not owe and LVNV has no legal right to accrue or collect;

      **c.**   Violation of 15 U.S.C. §1692e(10): Financial Recovery falsely and deceptively represented that Ms. Johnson owes LVNV interest on the charged-off Credit One Bank credit card debt that LVNV had no legal right to accrue or collect; and

      **d.**   Violation of 15 U.S.C. §1692f(1): Financial Recovery accrued interest on Ms. Johnson's alleged debt to LVNV which it had neither a contractual nor a statutory right to collect.

### V. Claims against Midland Funding, LLC

85. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): Midland falsely represented that Ms. Johnson owes Midland any debt;

    **b.** Violation of 15 U.S.C. §1692e(5): Midland threatened "to take any action that . . . is not intended to be taken" by attempting to collect a debt from Ms. Johnson that she does not and does not owe and by accruing and attempting to collect usurious interest from her;

    **c.** Violation of 15 U.S.C. § 1692e(8): Midland reported credit information to consumer reporting agencies that Midland knew or should have known was false, including reporting that Ms. Johnson owed a debt that she did not in fact owe and by including accrued interest on a debt that it had neither a contractual nor statutory right to collect;

    **d.** Violation of 15 U.S.C. §1692e(10): Midland falsely and deceptively represented that Ms. Johnson owed a debt that she did not and does not owe; and

    **e.** Violation of 15 U.S.C. §1692f(1): Midland accrued usurious interest on Ms. Johnson's alleged debt to which it had neither a contractual nor a statutory right to collect.

### VI. Claims against Choice Recovery, Inc.

86. The foregoing acts and omissions of Choice Recovery, Inc. constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): Choice Recovery falsely represented that Ms. Johnson owes Choice Recovery any debt;

    **b.** Violation of 15 U.S.C. §1692e(5): Choice Recovery threatened "to take any action that . . . is not intended to be taken" by attempting to collect a debt from Ms. Johnson that she does not and does not owe;

    **c.** Violation of 15 U.S.C. § 1692e(8): Choice Recovery reported credit information to consumer reporting agencies that Choice Recovery knew or should have known was false, including reporting that Ms. Johnson owed a debt that she did not in fact owe and by falsely stating that Ms. Johnson owed a debt as a co-applicant a debt owed by her husband; and

    **d.** Violation of 15 U.S.C. §1692e(10): Choice Recovery falsely and deceptively represented that Ms. Johnson owed a debt that she did not and does not owe.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joan Johnson requests the Court grant her relief as follows:

a. Award Plaintiff actual damages against each Defendant;

b. Award Plaintiff statutory damages against each Defendant;

c. Award Plaintiff reasonable attorney's fees and costs

d. A trial by jury;

e. Declare that Plaintiff does not owe Choice Recovery any debt; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyclc.com